UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WILLIAM AUBREY PELZER, JR.
Secured Party Creditor, UCC
3-419, House Joint Resolution 192
of June 5, 1933,

                    Petitioner,

          -against-                          MEMORANDUM & ORDER
                                             05-CV-4651(JS)(MLO)
GARY GREENE, and THE ATTORNEY
GENERAL OF NEW YORK STATE,

                    Respondents.
----------------------------------X
APPEARANCES:
For Petitioner:      William Aubrey Pelzer, Pro Se
                     03-A-3518
                     Great Meadow Correctional Facility,
                     Box 51
                     Comstock, New York 12821

For Respondent:      No appearance

SEYBERT, District Judge:

          Pro  Se  Petitioner  William  Aubrey  Pelzer,  Jr.

("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  Petitioner also requests permission to proceed in forma

pauperis.   For  the  reasons  set  forth  below,  Petitioner's

application to proceed in forma pauperis is GRANTED[1] and his habeas

petition is DISMISSED without prejudice.  Petitioner shall have

until February 15, 2006 to file a Second Amended Petition.

_____

       [1]      "The Clerk of the Court is directed, pursuant to
Administrative Order 2001-06 of the United States District Court
for the Eastern District of New York, to treat the petition for
writ of habeas corpus as if in forma pauperis status has been
GRANTED without prepayment of fees."  Harrison v. Shannon, No.
02-CV-438, 2003 WL 23198848, at 3 (E.D.N.Y. Dec. 2, 2003).

On September 8, 2005, the Petitioner filed the instant Petition for a writ of habeas corpus in the United States District Court for the Northern District of New York ("NDNY"). On September 19, 2005, Petitioner filed a document that was entitled "Petition Annex," which the NDNY treated as an Amended Petition for habeas relief. On September 26, 2005, Judge David E. Peeples of the NDNY issued an order transferring the case to this Court.

The Petition and Amended Petition are virtually incomprehensible, lacking any meaningful facts or references pertinent to a habeas corpus petition. For example, in response to the question, "Identify all crimes of which you were convicted" Petitioner responded, "None. One is none of the above-enumerated exists and is solvent, i.e. not Fictional Agency, not Fictional Claimant . . . ." (Orig. Pet.) In response to the question, "What was your plea?" Petitioner answers, verbatim, "Never entered a plea; one's true name is William Aubrey Pelzer Jr.© not William Pelzer, and is not a surety for a legal fiction ak/a a STRAWMAN." (Am. Pet. ¶ 5.) In listing his grounds for attacking the state court conviction, Petitioner states, inter alia,"One's true name is William Aubrey  Pelzer, Jr.© not WILLIAM PELZER and is a non-party to a dispute between imaginary non-appearing and non-existent entities in case # I-235-200/CR-00-1235-GJW." (Am. Pet. ¶ 9.) The remainder of the Petition and Amended Petition are drafted in

similar fashion, containing numerous, seemingly nonsensical references to the Uniform Commercial Code, including the statement that Petitioner seeks "release from debtor's prison on the grounds of discharged obligation and fraudulent incarceration Involving a State Violation of UCC § 419, and HJR 192 of June 5, 1933."

DISCUSSION

Pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, a district court may examine and dismiss frivolous habeas Petitions prior to any answer or other pleading by the state. Cf. Roba v. U.S., 604 F.2d 215, 219 (2d Cir. 1979) ("The habeas corpus court is always entitled to dismiss the petition without a hearing if the factual allegations are insufficient to warrant relief.")

The Advisory Committee that adopted Rule 4 rejected the notion that a response should be required in every habeas proceeding. Specifically, the Advisory Committee stated, "it is the duty of the [habeas] court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Rule 4, Adv. Comm. Note (1976); see also Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000).

Here, the Petition is virtually incomprehensible and fails to provide any meaningful claims to which the Respondent could be fairly requested to answer. Accordingly, the Court DISMISSES the instant Petition pursuant to Rule 4. In the interest

of fairness to the pro se Petitioner, however, the Court grants Petitioner leave to submit a Second Amended Petition. Any Second Amended Petition must be filed by February 15, 2006, and should state with clarity what state court conviction and charges that Petitioner is challenging, what remedies the Petitoner has pursued to set aside his conviction, and the specific reasons why his incarceration is unlawful.

### CONCLUSION

For the reasons set forth herein, it is hereby

ORDERED that the Petitioner's application to proceed in forma pauperis is GRANTED; and it is further

ORDERED, that the Amended Petition for a writ of habeas corpus is DISMISSED without prejudice; and it is further

ORDERED that the Petitioner is granted leave to file a Second Amended Petition by February 15, 2006. Failure to do so will result in the final dismissal of the Petition as frivolous.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.


Dated:    Central Islip, New York
          December 1, 2005

4